885 F.2d 937
 280 U.S.App.D.C. 315
 ANR PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Tennessee Gas Pipeline Co., Union Gas Limited, Progas
Limited, Northern Minnesota Utilities, Long Island Lighting
Company, Northridge Petroleum Marketing, Inc., Great Lakes
Gas Transmission Co., Texas Eastern Transmission
Corporation, Intervenors.
TENNESSEE GAS PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Texas Eastern Transmission Corporation, Union Gas Limited,
Progas Limited, ANR Pipeline Company, Great Lakes Gas
Transmission Co., Northridge Petroleum Marketing, Inc.,
Northern Minnesota Utitilities, Intervenors.
TEXAS EASTERN TRANSMISSION CORPORATION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Progas Limited, Northern Minnesota Utilities, Tennessee Gas
Pipeline Co., Great Lakes Gas Transmission Co., Northridge
Petroleum Marketing, Inc., ANR Pipeline Company, Long Island
Lighting Company, Intervenors.
GREAT LAKES GAS TRANSMISSION COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Tennessee Gas Pipeline Co., Texas Eastern Transmission
Corporation, ANR Pipeline Company, Progas Limited, Michigan
Gas Company, Long Island Lighting Company, Northridge
Petroleum Marketing, Inc., Northern Minnesota Utilities,
Independent Petroleum Association of America, Intervenors.
INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Texas Eastern Transmission Corporation, Tennessee Gas
Pipeline Co., Progas Limited, Northern Minnesota Utilities,
TransCanada Pipeline Limited, Northridge Petroleum
Marketing, Inc., Great Lakes Gas Transmission Co., Union Gas
Limited, Intervenors.
 Nos. 88-1031, 88-1045, 88-1085, 88-1179 and 88-1211.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 22, 1989.
 
 Petitions for Review of Orders of the Federal Energy Regulatory commission.
 ON PETITIONS FOR REHEARING AND CLARIFICATION
 Before WILLIAMS and D.H. GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the petition for rehearing of Texas Eastern Transmission Corporation, the petition for rehearing and clarification of Tennessee Gas Pipeline Company and of the responses to the foregoing, it is
 
 
 2
 ORDERED, by the Court, that the petitions are denied, for the reasons set forth in the opinion of the Court filed herein this date.
 
 OPINION
 PER CURIAM:
 
 3
 The petition for rehearing is denied. In their requests for rehearing, the customer petitioners alerted this court to their previously undisclosed intent to seek a refund of any excess charges paid by them as a result of the rate condition that the Commission attached to ANR's certificate. In our original opinion we found the legality of the rate condition moot in light of the certificate's expiration "and the fact that it [ANR] seeks only prospective relief." 876 F.2d 124, 131. Plainly a colorable claim by the customers for retroactive relief would have dispelled any idea of mootness. See Northwest Pipeline Corp. v. FERC, 863 F.2d 73, 77 (D.C.Cir.1988).
 
 
 4
 In its original brief FERC argued the mootness issue on the premise that only prospective relief was at issue. Respondent's Brief at 19-24. The petitioners filed a joint reply brief (subscribed to not only by ANR but also by its customers) that made no direct mention of the possibility of retroactive relief. It made one highly oblique allusion, arguing that "[U]nlike Northwest, all Petitioners here preserved the issue of such rate increase for review." Reply Brief at 7. As Northwest had found the rate condition moot on the grounds that the certificate had lawfully expired and petitioners had lost any chance for retroactive relief by failing to mention the retroactive aspect of their claim in their petition to the Commission for rehearing under Sec. 19(b) of the Natural Gas Act, 15 U.S.C. Sec. 717r(b) (1982), one might discern here a contention that the customer petitioners had preserved, and were continuing to press, a claim for retroactive relief. But as the sentence omits any reference to refunds or retroactivity, we do not. It may well be that the customer petitioners sought to slide over the fact that their Sec. 19(b) petitions in fact omitted even an oblique allusion to retroactive relief, precisely the flaw that had led to Northwest Pipeline's undoing.
 
 
 5
 Moreover, when we asked at oral argument just what petitioners sought from our review, counsel for petitioners responded that "a more practical result would be to reverse [the Commission's order] prospectively.... I think the rate should revert prospectively [sic]." Transcript of Oral Argument at 4. Nor did he in rebuttal contest the statement of the Commission's counsel that "there is no question of retroactive relief refunds to customers for the nine-month period when the rate condition was effective." Id. at 32. Although counsel for petitioners noted the possibility of retroactive relief, id. at 4-5, we do not find this cursory reference enough to have properly brought the latent claim for retrospective relief before us. Although counsel for ANR spoke for the customer petitioners as well as itself at oral argument, counsel for the customer petitioners could have asked for a moment to reveal their position, or could have written to the court immediately after oral argument.
 
 
 6
 FERC argues in response to the rehearing petitions that the customers' failure to mention retroactive relief explicitly in their Sec. 19(b) petitions dooms their claim under Northwest. We do not here address whether that decision's requirements apply here. Our denial of rehearing rests on the customers' failure to identify any claim for retroactive relief in the written and oral argument over mootness. Cf. Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983) ("where counsel has made no attempt to address the issue, we will not remedy the defect").